J-A10013-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.0.P. 65.37

DANA HARLEY AND PAUL P. BUTLER) : IN THE SUPERIOR COURT OF
: PENNSYLVANIA

V.

RIDERS’ CLUB COOPERATIVE AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

APPEAL OF: PAUL P. BUTLER : No. 3651 EDA 2017

Appeal from the Order Entered October 4, 2017
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2016-01325

DANA HARLEY AND PAUL P. BUTLER) : IN THE SUPERIOR COURT OF
: PENNSYLVANIA

Vv.
RIDERS’ CLUB COOPERATIVE AND

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

APPEAL OF: RIDERS’ CLUB :
COOPERATIVE : No. 3680 EDA 2017

Appeal from the Order Entered October 4, 2017
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2016-01325

BEFORE: GANTMAN, P.J., MCLAUGHLIN, J., and RANSOM*, J.
MEMORANDUM BY GANTMAN, P.J.: FILED JUNE 21, 2018
Appellants, Paul P. Butler and Riders’ Club Cooperative (“RCC”), appeal
from the order entered in the Montgomery County Court of Common Pleas,
which granted summary judgment in favor of Appellee, State Farm Mutual

Automobile Insurance Company, in this declaratory judgment action. We

* Retired Senior Judge assigned to the Superior Court.
J-A10013-18

affirm.

In its opinion, the trial court fully and correctly sets forth the relevant
facts and procedural history. Therefore, we have no need to restate them.
We add that on November 2, 2017, Appellant Butler and Appellant RCC timely
filed separate notices of appeal. The trial court ordered Appellant RCC on
November 8, 2017, and Appellant Butler on November 9, 2017, to file
respective concise statements of errors complained of on appeal per Pa.R.A.P.
1925(b); both Appellants timely complied on November 29, 2017. This Court
consolidated the appeals on February 16, 2018.

Appellant Butler raises one issue for our review:

WHEN A MEMBER PARTICIPANT OF A RIDESHARING
ARRANGEMENT IS OPERATING A VEHICLE AS PART OF THE
ARRANGEMENT AS DEFINED IN THE [RIDESHARING
ARRANGEMENTS] ACT, 55 P.S. § 695.1 ET SEQ....AND IS
INVOLVED IN AN ACCIDENT MAY THE MEMBER’S
INSURANCE COMPANY ENFORCE A HIRED CAR EXCLUSION
TO DENY COVERAGE TO THE MEMBER AND THOSE WHO
CLAIM INJURY ARISING OUT OF THE ACCIDENT, WHEN THE
AFORESAID [RIDESHARING ARRANGEMENTS] ACT
SPECIFICALLY PROVIDES THAT SUCH EXCLUSIONS SHALL
NOT APPLY TO A VEHICLE USED IN A RIDESHARING
ARRANGEMENT[?]

(Appellant Butler’s Brief at 5).
Appellant RCC raises two issues for our review:

WHETHER THE TRIAL COURT ERRED/ABUSED ITS
DISCRETION IN DENYING [APPELLANT RCC]’S MOTION FOR
SUMMARY JUDGMENT AND HOLDING THAT THE VEHICLE IN
WHICH THE ACCIDENT AT ISSUE OCCURRED COULD NOT
BE DEEMED TO BE “OPERATED BY” [APPELLANT RCC], SO
AS TO BRING IT WITHIN THE CONFINES OF THE
RIDESHARING ARRANGEMENTS ACT, 55 [P.S.] § 695.1 ET

-2-
J-A10013-18

SEQ., BECAUSE THE MEMBER-DRIVER OPERATING THE
VEHICLE WAS AN INDEPENDENT CONTRACTOR, AND NOT
AN EMPLOYEE OF [APPELLANT RCC], IN THE ABSENCE OF
ANY STATUTORY LANGUAGE OR CASE AUTHORITY
DICTATING SUCH A CONCLUSION?

WHETHER THE TRIAL COURT ERRED/ABUSED ITS
DISCRETION IN DENYING [APPELLANT RCC]’S MOTION FOR
SUMMARY JUDGMENT AND HOLDING THAT THE EXCLUSION
FOR “CAR FOR HIRE” SITUATIONS IN [APPELLANT
BUTLER’S] STATE FARM INSURANCE POLICY IS
ENFORCEABLE, NOTWITHSTANDING CLEAR LANGUAGE IN
THE RIDESHARING ARRANGEMENTS ACT, 55 [P.S.] §
695.5, THAT “PROVISIONS IN AN INSURANCE POLICY
WHICH DENY COVERAGE FOR ANY MOTOR VEHICLE USED
FOR COMMERCIAL PURPOSES OR AS A PUBLIC OR LIVERY
CONVEYANCE SHALL NOT APPLY TO A VEHICLE USED INA
RIDESHARING ARRANGEMENT“?

(Appellant RCC’s Brief at 4).

Our standard of review of an order granting summary judgment requires
us to determine whether the trial court abused its discretion or committed an
error of law. Mee v. Safeco Ins. Co. of America, 908 A.2d 344, 347
(Pa.Super. 2006).

Judicial discretion requires action in conformity with law on

facts and circumstances before the trial court after hearing

and consideration. Consequently, the court abuses its

discretion if, in resolving the issue for decision, it misapplies

the law or exercises its discretion in a manner lacking

reason. Similarly, the trial court abuses its discretion if it

does not follow legal procedure.
Miller v. Sacred Heart Hospital, 753 A.2d 829, 832 (Pa.Super. 2000)
(internal citations and quotation marks omitted). Our scope of review is

plenary. Pappas v. Asbel, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001),

cert. denied, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In

-3-
J-A10013-18

reviewing a trial court’s grant of summary judgment,

[W]e apply the same standard as the trial court, reviewing
all the evidence of record to determine whether there exists
a genuine issue of material fact. We view the record in the
light most favorable to the non-moving party, and all doubts
as to the existence of a genuine issue of material fact must
be resolved against the moving party. Only where there is
no genuine issue as to any material fact and it is clear that
the moving party is entitled to a judgment as a matter of
law will summary judgment be entered. All doubts as to the
existence of a genuine issue of a material fact must be
resolved against the moving party.

Motions for summary judgment necessarily and directly
implicate the plaintiff’s proof of the elements of [a] cause of
action. Summary judgment is proper if, after the
completion of discovery relevant to the motion, including
the production of expert reports, an adverse party who will
bear the burden of proof at trial has failed to produce
evidence of facts essential to the cause of action or
defense which in a jury trial would require the issues to be
submitted to a jury. In other words, whenever there is no
genuine issue of any material fact as to a necessary element
of the cause of action or defense, which could be established
by additional discovery or expert report and the moving
party is entitled to judgment as a matter of law, summary
judgment is appropriate. Thus, a record that supports
summary judgment either (1) shows the material facts are
undisputed or (2) contains insufficient evidence of facts to
make out a prima facie cause of action or defense.

Upon appellate review, we are not bound by the trial court’s
conclusions of law, but may reach our own conclusions.

Chenot v. A.P. Green Services, Inc., 895 A.2d 55, 61 (Pa.Super. 2006)
(internal citations and quotation marks omitted) (emphasis added).

After a thorough review of the record, the briefs of the parties, the
applicable law, and the well-reasoned opinion of the Honorable Steven C.

Tolliver, Sr., we conclude Appellants’ issues merit no relief. The trial court

-4-
J-A10013-18

opinion comprehensively discusses and properly disposes of the questions
presented. (See Trial Court Opinion, filed October 4, 2017, at 8-15) (finding:
sole consideration is whether Appellant Butler was acting as independent
contractor at time of accident; Appellant Butler was not officer or employee of
Appellant RCC; Appellant Butler’s membership in Appellant RCC is irrelevant
to whether Appellant Butler acted as agent or independent contractor of
Appellant RCC; Appellant Butler’s actions as independent contractor cannot be
imputed to Appellant RCC; Appellant RCC did not operate Appellant Butler’s
vehicle via directives to or communications with Appellant Butler; Appellant
RCC’s only role was to ask Appellant Butler if he was available to drive Mses.
McDonald and Harley to specific location on specific date at specific time for
fee; Appellant RCC did not dictate routes and/or speed or any other aspect of
incident; Appellant RCC had no other role except to collect and distribute fees
paid for ride; Appellant RCC’s Member Agreement, Additional Memorandum of
Understanding, payment structure, and lack of control over activities of
member drivers all indicate drivers are independent contractors; drivers’
independent contractor status shields Appellant RCC from liability in event of
accident; Appellant RCC designed its service to avoid potential legal liabilities,
including respondeat superior tort liability, obligation to pay payroll taxes, and
other responsibilities flowing from master-servant relationship; because
Appellant RCC’s arrangement with Appellant Butler did not constitute

ridesharing agreement within meaning of Ridesharing Arrangements Act, “car

-5-
J-A10013-18

for hire” unambiguous exclusion in Appellee’s automobile insurance policy
applies in these circumstances to deny coverage and is enforceable; Appellee
is legally permitted to disclaim coverage for accident and is entitled to
summary judgment). The record supports the trial court’s rationale, and we
see no reason to disturb it. Accordingly, we affirm on the basis of the trial
court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Es
Prothonotary

Date: 6/21/18